REPUBLIQUE FRANCAISE v. M. K. & T. RY. CO. OF TEXAS (two cases).

REPUBLIQUE FRANCAISE v. GULF, COLORADO & SANTA FE RY. CO.

Nos. 3662, 3663, 3664.

United States District Court
N. D. Texas. Dallas Division.

July 29, 1949.

296

Smithdeal & Lefkowitz, Dallas, Tex., Bigham, Englar, Jones & Houston, New York City, for plaintiff.

G. H. Penland, M. E. Clinton, O. O. Touchstone, Dallas, Tex., Wigley, McLeod, Mills & Shirley, Galveston, Tex., for defendants.

ATWELL, Chief Judge.

These suits seek recoveries respectively for $35,789.20, $71,593.26 and $211,008.00, for alleged failure to deliver to the plaintiffs' agent, at the shipping point, at Texas City, certain personal property for shipment to France.

■ The amount of each suit is in excess of that required by Sec. 1332. chapter 85 of the Federal Judicial Code, with reference to the jurisdiction of the district courts between citizens of a state and foreign states. "Foreign states," meaning, as used, for instance in the Naturalization law, and as generally understood, "other nations," or, "other countries." So recognized also in the United Nations.

See 26 C.J. page 889; 36 C.J.S. page 1247. Also, Houston, E. & W. T. R. Co. v. Inman, Akers & Inman, 63 Tex.Civ.App. 556, 134 S.W. 275, which was a controversy over a shipment of cotton from Texas to Germany by reason of the phrasing of the bill of lading which seemed to limit its obligations to the United States shipments, and not to those to a foreign state.

■ A motion has been made, and all of the parties have agreed, to change the venue from the Dallas division of the Northern District of Texas, to the Galveston division of the Southern District of Texas, in accordance with the provisions of Sec. 1404 of the Judicial Code which provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The motion shows that the witnesses reside in the Galveston division, and that there will be thirty or forty of them. That division is more than three hundred miles from Dallas, and the expense of bringing the witnesses to Dallas would be heavy, and the somewhat unsatisfactory deposition method can be avoided by the transfer, so that the provisions of the Section which require the judge to pay attention to the convenience of the parties and witnesses, "in the interest of justice," seems to require the granting of this motion and the cause may be transferred to the Galveston division of the Southern District of Texas.

Order accordingly.