**Johnnie BECOTE, Plaintiff,**

v.

**SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Defendant.**

**Civ. A. No. 69–951.**

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 16, 1970.

---

Richard G. Lawrence, N. Charleston, S. C., for plaintiff.

Michael W. Tighe, Asst. Atty. Gen., Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This matter is before the court pursuant to defendant's motion to dismiss the action for lack of federal jurisdiction and because the relief sought is barred by the eleventh amendment to the United States Constitution.

Plaintiff's complaint asserts a tort action for damages resulting from a collision of an automobile driven by him with one operated by a member of the South Carolina Highway Department allegedly in the performance of his official duties. The complaint alleges two grounds for federal jurisdiction, the first that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and secondly, that the plaintiff brings the action not only in his own name for recovery of damages he himself has suffered, but also to recover damages for the sole use and benefit of the United States of America pursuant to 42 U.S.C. § 2651(a) and (b),[1] and pursuant to proper authorization from the United States. Plaintiff contends that Section 2651, *supra*, grants jurisdiction in this court for his suit since included therein is a claim for medical services furnished to him by the United States, which the latter under such Section may sue for in this court.

A hearing was held in Charleston, South Carolina on February 3, 1970, at which time plaintiff conceded that no diversity jurisdiction existed pursuant to

---

1. § 2651(a) provides in part:

"In any case in which the United States is authorized * * * to furnish hospital, medical, surgical, or dental care and treatment * * * to a person who is injured * * * under circumstances creating a tort liability upon some third person * * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right, be subrogated to any right or claim that the injured * * * has against such third person to the extent of the reasonable value of the care and treatment so furnished * * *."

§ 2651(b) provides in part:

"The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured * * *, against the third person who is liable for the injury or disease; or (2) * * * institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured * * *."

**1268**

28 U.S.C. § 1332, since plaintiff is a citizen of the State of Rhode Island and the defendant is a state agency;[2] that a state is neither a "citizen" as contemplated by 28 U.S.C. 1332(a) (1); Minnesota v. Northern Securities Co., 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870 (1904); O'Neill v. Early, 208 F.2d 286 (4 Cir. 1953); nor a "foreign state" within the meaning of 28 U.S.C. 1332(a) (2). Republique Francaise v. M. K. & T. Ry. of Texas, 85 F.Supp. 295 (N.D. Tex.1949).

Plaintiff contends that the court has proper jurisdiction to hear the entire matter pursuant to Section 2651(b), *supra*. It is clear from the language of Section 2651(b) that the United States may enforce its claim arising under 42 U.S.C. § 2651(a) by instituting a civil action for damages in a state or federal court, either alone or in conjunction with the injured person. However, upon considering the legislative history of this statute, and the cases construing it, the court has concluded that it lacks jurisdiction of this matter, as the right granted to the United States by 42 U.S.C. § 2651(a) creates not a right of subrogation but a cause of action independent of the injured party's claim. United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884, (5 Cir. 1967); United States v. Merrigan, 389 F.2d 21 (3 Cir. 1968). Thus, Section 2651(a) establishes the government's right of action, and Section 2651(b) provides federal jurisdiction for cases arising thereunder.

 Section 2651(b) begins as follows: "The United States may, to enforce such right, * * *" employ any of the enforcement procedures described therein. The congressional language, "to enforce such right," refers to that right created in the United States by Section 2651(a) solely for the limited purpose of litigating its claim against a tort feasor third person for medical care it has been authorized to furnish and has furnished to an injured party. Although the statute authorizes the United States to enforce "such right" in a federal forum, it does not create federal jurisdiction to entertain privately instituted tort actions merely because the United States has or may have a pecuniary interest therein. Accordingly, it is concluded that the intent of the statute is to allow conjunctive action only in those cases in which the district court would otherwise have jurisdiction. Then and only then could the whole action be brought in federal court. Such is not the case in the action presently before the court. It is, therefore,

Ordered that defendant's motion to dismiss for lack of jurisdiction is hereby granted.

2. See Southern RR. Co. v. South Carolina Highway Dept., 246 F.Supp. 435 (E.D.S.C. 1965).