## The STATE OF TEXAS

v.

**INSURANCE SERVICES OFFICE, INC., Aetna Casualty and Surety Company, Cigna Corporation, Fireman's Fund Insurance Company, Hartford Fire Insurance Company, Liberty Mutual Insurance Company, St. Paul Fire and Marine Insurance Company, the Travelers Insurance Company, USF & G Corporation, the Reinsurance Association of America, Robin A.G. Jackson, and Merrett Non–Marine Syndicate No. 799.**

Civ. No. A–88–CA–315.

United States District Court,
W.D. Texas,
Austin Division.

Aug. 3, 1988.

Jim Mattox, Atty. Gen. of Texas, John J. White, Texas Atty. General's Office, Floyd Russell Ham, Office of Atty. Gen., Antitrust Div., Austin, Tex., for the State.

Harry Lee Godfrey, Susman, Godfrey & McGowan, Houston, Tex., James T. McCartt, for Aetna Cas. and Sur. Co.

Larry F. York, Robert I. Howell, Philip Houser, Baker & Botts, Austin, Tex., Theodore F. Weiss, Jr., Baker & Botts, Houston, Tex., for Cigna Corp.

E. Russell Nunnally, Johnson & Swanson, Dallas, Tex., for Firemen's Fund Ins. Co.

Morton Sussman, William J. Dyer, David J.T. Healey, Weil, Gotshal & Manges, Houston, Tex., for Hartford Fire Ins. Co.

Fletcher L. Yarbrough and Tex Lezar, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for Insurance Services Office, Inc.

Harry M. Reasoner, Page I. Austin and Richard D. Milvenan, P.M. Schenkkan, Vinson & Elkins, Houston, Tex., for Robin A.G. Jackson.

Curtis L. Frisbie, G. Duffield Smith, Gardere & Wynne, Dallas, Tex., for Liberty Mut. Ins. Co.

Harry M. Reasoner, Page I. Austin, P.M. Schenkkan, Vinson & Elkins, Houston, Tex., for Merrett Non–Marine Syndicate No. 799.

H. Robert Powell, Tom Luce, Hughes & Luce, Austin, Tex., for Reinsurance Ass'n of America.

J. Hamp Skelton, Alan Albright, Akin Gump, Austin, Tex., Richard C. Levin, Akin Gump, Dallas, Tex., for St. Paul Fire and Marine Ins. Co.

Ernest Ryan Higginbotham, Kevin B. Wiggins, Strasburger & Price, Dallas, Tex., for Travelers Ins. Co.

R. James George, John Harmon, Jr., Graves, Dougherty, Hearon & Moody, Austin, Tex., for USF & G Corp.

## ORDER OF REMAND

NOWLIN, District Judge.

Before the Court for consideration is the Plaintiff's Motion for Remand filed on May 2, 1988. The Defendants filed a response to this motion on May 20, 1988. On June 14, 1988, the Plaintiff filed with leave of the Court a supplemental brief. On June 16, 1988, Defendants filed their own supplemental brief with leave of the Court. The Court, after reviewing the Petition for Removal, the Motion for Remand and the various responses relating to this matter as well as the entire record in this case, is of the view that the Plaintiff's Motion for Remand is meritorious and should be Granted.

## I. BACKGROUND

Before addressing the removal issue presented in this case, it is appropriate that the Court describe the nature of the lawsuit and pertinent facts relating to it procedural history. On March 22, 1988, the Plaintiff State of Texas, by and through its Attorney General Jim Mattox, filed its Original Petition ("Petition") in the 53rd Judicial District Court of Travis County, Texas, Cause No. 439,089. The Plaintiff filed this state court action "in its *parens patriae* capacity on behalf of the citizens of the State of Texas, and in its enforcement capacity authorized by the statutes and the constitution of the State of Texas." The Plaintiff alleges various antitrust violations and seeks civil penalties and injunctive relief provided for by the Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com.Code Ann. § 15.01 *et seq.* (Vernon Supp.1987) ("Texas Antitrust Act"). Plaintiff also asserts claims arising under the Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com. Code Ann. § 17.41 *et seq.* (Vernon Supp.

1987). In addition, Plaintiff seeks the enforcement of a constructive trust, equitable restitution of the damages suffered by its citizens and recognition of statutory liens. Finally, Plaintiff pleads an action in the nature of *quo warranto.*

On April 21, 1988, all of the Defendants named in the state court action with the exception of USF & G Corporation jointly and timely filed a Verified Petition for Removal with the requisite bond asserting two separate bases for removal: (1) that the Plaintiff's action in its *parens patriae* capacity states a federal question under 28 U.S.C. § 1441, and (2) that there exist international comity issues in this controversy which raise an additional federal question under 28 U.S.C. § 1441.[1] It is important to note that there is no diversity jurisdiction under 28 U.S.C. § 1332.

The Plaintiff subsequently filed its Motion for Remand claiming that this case had been removed improvidently and without jurisdiction and that remand was proper pursuant to 28 U.S.C. § 1447(c). Plaintiff specifically argues that the issues presented in its Petition do not invoke nor support the Court's federal question jurisdiction and that procedural defects occurred during the removal process which render the attempted removal invalid. Because the Court agrees with Plaintiff's primary assertion that subject matter jurisdiction is lacking, the Court will not address Plaintiff's arguments regarding the alleged defective removal by the Defendants. The Court will now briefly discuss the reasons underlying the Court's decision that this cause was removed improvidently and without jurisdiction.

## II. FEDERAL QUESTION JURISDICTION

■ In order to warrant removal of an action from state to federal court on the ground of the existence of a federal question, under "the well-pleaded complaint rule," a controversy involving a federal

---

1. Defendants apparently decided to abandon their international comity argument since they failed to present any legal argument regarding this alternative basis in subsequent legal memo-

randa. For this reason, the Court finds that the Defendants did not sustain their burden of establishing federal question jurisdiction on this alternative basis.

question must be disclosed on the face of the Plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 306, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Beers v. North American Van Lines, Inc.,* 836 F.2d 910, 912 (5th Cir. 1988). The "well-pleaded complaint rule" makes the Plaintiff the master of its claim; the Plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar,* 107 S.Ct. at 2429.

■ It is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the Plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983). Moreover, it is axiomatic that a Plaintiff may not defeat removal by fraudulent means or by "artfully" omitting reference to essential federal questions. *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359 (5th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). Finally, in this particular case, the "independent corollary" to the well-pleaded complaint rule, *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. at 2853, known as the "complete pre-emption" doctrine plays a key role in the Court's jurisdictional analysis. The United States Supreme Court described this doctrine in the *Caterpillar* decision:

On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' [*Citing Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987) ] Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See *Franchise Tax Board, supra,*

463 U.S., at 24, 103 S.Ct., at 2854 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA.

*Caterpillar,* 107 S.Ct. at 2430 (footnotes omitted).

■ There is no doubt that a serious question of federal law is involved in this dispute. Defendants argue that Plaintiff is unable to sue as *parens patriae* under state law for monetary relief. Such an action, according to Defendants, can only be brought under section 4C of the Clayton Act, 15 U.S.C. § 15c. Defendants claim that, although Plaintiff alleges authority for this action under Texas common law, article IV, section 22 of the Texas Constitution and Tex. Gov't Code Ann. § 402.23, Plaintiff is seeking relief that is only available under the Clayton Act and therefore has created federal question jurisdiction.

Plaintiff, on the other hand, argues that Defendants' arguments amount to nothing more than defensive propositions to the Plaintiff's claims which Plaintiff has expressly founded solely on state law. Plaintiff also points out that the Fifth Circuit has declared that the federal antitrust laws, 15 U.S.C. § 1, *et seq.,* do not preempt or supersede state antitrust laws. *Pounds Photographic Labs v. Noritsu America Corp.,* 818 F.2d 1219 (5th Cir.1987). Therefore, Plaintiff contends the complete preemption doctrine does not apply to this case.

The Court, having considered all the arguments regarding this remand issue, is of the opinion that the Plaintiff has not fraudulently nor artfully failed to plead essential federal issues in its petition. In filing this lawsuit, Plaintiff as the master of its petition, decided to pursue its action against these Defendants on a theory of law it deemed most advantageous to its own interests.

In light of the Fifth Circuit's decision in *Pounds*, the Court finds that the complete pre-emption doctrine does not invoke federal question jurisdiction in this antitrust case as it did in labor-related cases such as *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (involving the Labor Management Relations Act of 1947), *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (involving the Employment Retirement Income Security Act of 1974), and *Texas Employers' Insurance Association v. Jackson*, 820 F.2d 1406 (5th Cir.1987) (involving the Longshore and Harbor Workers Compensation Act). In the absence of this pre-emption concern, therefore, the Court cannot agree with Defendants' assertion that the Plaintiff's petition "raises the spectre of artful pleading." *See Eitmann*, 730 F.2d at 366; *see also Beers*, 836 F.2d at 913, n. 2.

Whether or not the Plaintiff actually has a legitimate cause of action which is supported by the common, statutory, or constitutional law of Texas is a question the state court will pass upon in deciding whether Plaintiff may continue to pursue its action. The state court may also have to decide whether Plaintiff's specific claims are pre-empted under the Clayton Act. These questions may ultimately prove to be completely dispositive of this entire dispute; nevertheless, the mere implication of federal law does not automatically allow this Court to assert federal question jurisdiction over this lawsuit. *Beers*, 836 F.2d at 913 (*citing Oliver v. Trunkline Gas Co.*, 789 F.2d 341 (5th Cir.1986)). It is true that the Plaintiff, through its Attorney General, possesses substantial rights under section 4C of the Clayton Act, and could have brought suit under that statutory provision. As master of the petition, however, Plaintiff properly chose not to do so. *Caterpillar*, 107 S.Ct. at 2431.

For these reasons, the Court finds that the Defendants have failed to establish the existence of federal question jurisdiction, and thus in the absence of diversity between the parties, this case was removed improvidently and without jurisdiction.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Remand is hereby GRANTED.

ACCORDINGLY, IT IS ORDERED that the Clerk of the Court mail a certified copy of this Order of Remand to the Clerk of the 53rd Judicial District Court of Travis County, Texas. *See* 28 U.S.C. § 1447(c).