**STATE OF MARYLAND**

v.

**PHILIP MORRIS INC. aka Philip Morris USA, et al.**

**Civil No. CCB–96–1691.**

United States District Court,
D. Maryland.

Aug. 1, 1996.

Peter G. Angelos, J. Joseph Curran, Jr., Office of the Attorney General, Baltimore, MD, for Plaintiff.

John Henry Lewin, Jr., James K. Archibald, Venable, Baetjer, Howard & Civiletti, Baltimore, MD, for Defendants.

### *MEMORANDUM*

BLAKE, District Judge.

On May 1, 1996, the State of Maryland filed a thirteen-count complaint in the Circuit Court for Baltimore City seeking monetary damages and injunctive relief against various national tobacco companies and related defendants. Each count is brought under Maryland statutory or common law. Count 1 is based on the Maryland Consumer Protection Act; Counts 2, 3, and 4 allege violations of the Maryland Antitrust Act; the common law counts include fraud, negligent misrepresentation, breach of warranty, restitution based on unjust enrichment, and other related claims.

Despite the State's exclusive reliance on state-law claims, on May 31, 1996 the defendants filed a joint notice of removal under 28 U.S.C. § 1441(b), which permits removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, trea-

ties or laws of the United States ... without regard to the citizenship or residence of the parties." On June 21, 1996, the State filed a motion for remand under 28 U.S.C. § 1447(c). The issues have been fully briefed and no hearing is necessary. For the reasons set forth below, the State's motion will be granted.

■■■ Because there is no diversity of citizenship alleged, the propriety of removal depends on whether this case falls within the original jurisdiction of the district court under 28 U.S.C. § 1331 as a civil action "arising under" the laws of the United States. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). As the Fourth Circuit has explained

> In order to determine if an action arises under federal law, we must apply the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Because "[t]he well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction," *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983), a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in pleading its case, *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429.

*Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 231 (4th Cir.1993); *see also J.H.W. Sr., Inc. v. Exxon Co., U.S.A.*, 921 F.Supp. 1436, 1438 (D.Md.1996). Ordinarily, therefore, the plaintiff as "the master of his complaint" may select a state forum by choosing to rely on state law claims only, even if the facts alleged also would support a claim under federal law. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098,

1100 (D.S.C.1990). While a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable, *see Cheshire*, 758 F.Supp. at 1100; 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3721 (2d Ed.1985), it is also true that removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* (Citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (Citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993)); *see also Cheshire*, 758 F.Supp. at 1102.

■■■ Recognizing that the complaint does not on its face allege any federal claims, the defendants seek to invoke the "artful pleading" doctrine, which permits the court to look behind the complaint to determine whether the plaintiff is attempting to conceal the federal nature of its claim by fraud or obfuscation. *See Cheshire*, 758 F.Supp. at 1100; *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 572 (N.D.Cal.1981), *aff'd in part* and *rev'd in part on other grounds*, 731 F.2d 1423 (9th Cir.1984); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). This doctrine has been sparingly applied. It is "most appropriate in cases where federal law altogether preempts and supplants state law, but plaintiff seeks to avoid the effect of preemption by pleading only state causes of action." *Cheshire*, 758 F.Supp. at 1100; *see also Salveson*, 525 F.Supp. at 574.

■■■ Circumstances where federal law completely preempts state law, so as to support removal of a state law claim to federal court, are rare. *See Rosciszewski*, 1 F.3d at 231 n. 4.[1] Ordinarily, federal preemption is a

---

1. Examples include claims alleging breach of a collective bargaining agreement that fall under

§ 301 of the Labor Management Relations Act, *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n*

defense which, like other federal defenses, does not support removal "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

■ The defendants in this case do not contend that federal law has completely preempted state law as to any of the counts in the State's complaint. The "artful pleading" engaged in by the State, as the defendants see it, is not to conceal the applicability of a complete preemption defense, but rather to conceal the "true" federal nature of the State's claims.

First, the defendants argue that the State's antitrust claims are necessarily federal in nature, because the complaint alleges a nationwide conspiracy involving conduct outside Maryland's borders engaged in by non-Maryland defendants. The Maryland Antitrust Act, they point out, "was intended to complement the federal antitrust statutes by reaching intrastate antitrust problems," *ANA Towing, Inc. v. Prince George's County,* 314 Md. 711, 552 A.2d 1295, 1298 (1989). The defendants support their argument primarily with cases involving very different procedural facts. In *Federated Department Stores,* the plaintiff originally filed a suit alleging federal claims and then, after dismissal, refiled in state court. 452 U.S. at 396–97, 101 S.Ct. at 2426–27. Similarly, in *Three J. Farms, Inc. v. Alton Box Bd. Co.,* 1979–1 Trade Cas. CCH ¶ 62,423, 1978 WL 1459 (D.S.C.1978), *rev'd and remanded on other grounds,* 609 F.2d 112 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980), the plaintiffs were part of a national class action consolidating 37 private civil suits being handled in federal district court in Texas pursuant to a referral from the Judicial Panel on Multi District Litigation. The cases arose from a federal grand jury investigation initiated in the

Southern District of Texas. Under those circumstances, the federal court in South Carolina concluded that the plaintiffs were trying to avoid the pretrial consolidated proceedings in Texas and questioned whether the desire to return to South Carolina was "for the benefit of the South Carolina plaintiffs or for the benefit of their attorneys." *Id.* at *3. Accordingly, remand was denied.

Under similar circumstances, in a case involving federal securities law, the court denied remand and observed that "[b]y litigating in state court, [the plaintiff] seeks to avoid this coordinated attempt to resolve all claims against [the defendant]." *Kahn v. Salomon Bros. Inc.,* 813 F.Supp. 191, 193 (E.D.N.Y.1993). Likewise, *In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79 (E.D.N.Y.1980), involved a plaintiff who brought a price fixing claim in the South Carolina state court that was "identical in all particulars" to claims that previously had been "asserted against these same defendants in a federal indictment and in more than thirty civil class action suits brought by direct purchasers under Section 1 of the Sherman Act." *Id.* at 82. Under those circumstances the federal court refused to "blind itself to the real gravamen of [the] claim." *Id.* The discussion of federal question jurisdiction in that case, moreover, was unnecessary to the result, because the court first concluded it had diversity jurisdiction over the plaintiff's claim. *Id.*

*Alton Box, Kahn, In re Wiring Device,* and similar cases stand for the proposition that where a claim has been "made federal by the plaintiff's own conduct," application of the artful pleading doctrine is appropriate to ensure that the plaintiff cannot "escape the consequences of that conduct to defendant's prejudice." *Cheshire,* 758 F.Supp. at 1101; *see also Salveson,* 525 F.Supp. at 577. They are not relevant to this case, where a State, through its Attorney General, has chosen to proceed initially and solely in state court on state-law claims, seeking redress for harm inflicted in Maryland on Maryland residents. More closely analogous are several cases in

---

*of Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968); claims for benefits or enforcement of rights under the Employee Retirement Income Security Act, *see Metropoli-*

*tan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–67, 107 S.Ct. 1542, 1546–48, 95 L.Ed.2d 55 (1987); and certain claims arising under the Copyright Act, *see Rosciszewski,* 1 F.3d at 232–33.

which the courts have refused to find artful pleading where the plaintiff chose to proceed on a state rather than a federal antitrust claim. *See Redwood Theatres, Inc. v. Festival Enters., Inc.,* 908 F.2d 477, 479–80 (9th Cir.1990); *Moore ex rel. Miss. v. Abbott Labs.,* 900 F.Supp. 26, 32–33 (S.D.Miss.1995); *Hunneman Real Estate v. Eastern Middlesex Ass'n of Realtors,* 860 F.Supp. 906, 909–10 (D.Mass.1994); *Texas v. Insurance Servs. Office, Inc.,* 699 F.Supp. 601, 604 (W.D.Tex. 1988). Noting first that the complete preemption doctrine did not apply to antitrust claims, the *Insurance Services* court explained that:

> Whether or not the Plaintiff actually has a legitimate cause of action which is supported by the common, statutory, or constitutional law of Texas is a question the state court will pass upon in deciding whether Plaintiff may continue to pursue its action. The state court may also have to decide whether Plaintiff's specific claims are pre-empted under the Clayton Act. These questions may ultimately prove to be completely dispositive of this entire dispute; nevertheless, the mere implication of federal law does not automatically allow this Court to assert federal question jurisdiction over this lawsuit. *Beers [v. North American Van Lines, Inc.],* 836 F.2d [910, 913 (5th Cir.1988)]* (*citing Oliver v. Trunkline Gas Co.,* 789 F.2d 341 (5th Cir. 1986)). It is true that the Plaintiff, through its Attorney General, possesses substantial rights under section 4C of the Clayton Act, and could have brought suit under that statutory provision. As master of the petition, however, Plaintiff properly chose not to do so. *Caterpillar,* [482 U.S. at 394–95], 107 S.Ct. at 2431.

699 F.Supp. at 605; *see also Moore,* 900 F.Supp. at 33 ("Defendants' argument that the facts set forth in the Complaint do not state a valid cause of action under that statute is an argument which should be made to the state courts in a motion to dismiss once this case is remanded.")[2]

The defendants also argue that removal is warranted because the plaintiffs' claims will "require the resolution of substantial questions of federal law" (Defs.' Mem. at 15) under the Medicaid Act, 42 U.S.C. §§ 1396–1396u, which "creates a cooperative relationship between the federal government and states that elect to share the medical expenses of persons who have limited financial resources." *King v. Sullivan,* 776 F.Supp. 645, 648 (D.R.I.1991); *see also Wilder v. Virginia Hospital Ass'n,* 496 U.S. 498, 502, 110 S.Ct. 2510, 2513, 110 L.Ed.2d 455 (1990); *Washington v. Bowen,* 815 F.2d 549, 557 (9th Cir.1987). The defendants cite 42 U.S.C. § 1396a(a)(25)(B), which requires states to include in their medical assistance plans a provision for pursuing claims against third parties who may be legally liable to individuals for whom medical assistance payments have been made. They also cite 42 U.S.C. § 1396k, which requires states to include in their plans a provision for obtaining an assignment of rights from individuals who receive medical assistance benefits, and provides that amounts collected under such assignments shall be used to reimburse the state and the federal government, with any remainder going to the individual. The defendants also observe that a plan prepared by a state under the Medicaid Act is subject to approval by the Secretary of Health and Human Services, and once approved, the plan "binds the state as a matter of federal law." *King,* 776 F.Supp. at 648.

█ Nothing in this statutory scheme, however, creates any of the causes of action on which the State of Maryland seeks to

---

**2.** Judge Smalkin's analysis in *Sun Dun, Inc. of Washington v. Coca–Cola Co.,* 740 F.Supp. 381 (D.Md.1990), cited by the defendants, is not to the contrary. *Sun Dun* sued in federal court under the Sherman Act and also under the District of Columbia's antitrust laws. In ruling on a motion to dismiss, Judge Smalkin first noted that the claims under the D.C.Code were not preempted by federal antitrust law. *Id.* (citing *California v. ARC America Corp.,* 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989)). Despite the fact that all the defendants, as well as the plaintiff, were incorporated and had their principal places of business outside the District of Columbia, he further found that *Sun Dun* had alleged sufficient facts suggesting it suffered harm within the District of Columbia to survive the defendants' argument that the D.C.Code should not apply. *Id.* at 397. A final determination of whether *Sun Dun* had any viable claims under the D.C.Code was properly left for summary judgment. *Id.*

recover, nor does it convert this case into one "arising under" federal law.[3] That questions of federal statutory law may need to be resolved in the course of the litigation is not sufficient to confer federal question jurisdiction on this court. *See, e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). In *Merrell Dow,* the Court specifically cautioned against reading too broadly the holding in *Franchise Tax Board,* 463 U.S. 1, 103 S.Ct. 2841, on which the defendants rely. 478 U.S. at 809, 106 S.Ct. at 3232. As the Fourth Circuit recently stated:

> Rather, the *Merrell Dow* Court explained, the existence of federal question jurisdiction must be determined by 'principled, pragmatic distinctions' and 'careful judgments about the exercise of federal judicial power;' only where the 'federal interest at stake' is substantial will federal jurisdiction lie. In the 'vast majority' of cases, therefore, federal-question jurisdiction exists only where federal law creates the plaintiff's cause of action.

*Custer v. Sweeney,* 89 F.3d 1156, 1168 (4th Cir.1996) (citations omitted); *see also Mulcahey,* 29 F.3d at 152; *Clark v. Velsicol Chemical Corp.,* 944 F.2d 196 (4th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992); *Inter–American Univ. of Puerto Rico, Inc. v. Concepcion,* 716 F.2d 933 (1st Cir.1983); *cf. Caudill v. Blue Cross and Blue Shield of N.C.,* 999 F.2d 74, 78 (4th Cir.1993) (uniquely federal interest in health benefits for federal employees across the country dictates that federal common law

supplants state law where application of state law would frustrate federal policy). Proper interpretation of federal statutes is protected by the Supreme Court's power ultimately to review state court decisions of a federal issue. *Merrell Dow,* 478 U.S. at 816 & n. 14, 106 S.Ct. at 3236 & n. 14.[4]

The defendants also advance the argument that because the United States may be entitled to a portion of any recovery obtained by the State, this action is in effect a suit "commenced by the United States, or by any agency or officer thereof" over which the district court has original jurisdiction under 28 U.S.C. § 1345. The cases principally relied on by the defendants for this proposition involve the status of state officials sued in federal court together with federal officials for alleged violations of the Social Security Act. *See Kuehner v. Schweiker,* 717 F.2d 813 (3rd Cir.1983), *vacated,* 469 U.S. 977, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984); *Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981). They do not remotely support the proposition that the State of Maryland, as a plaintiff bringing suit to recover damages for its citizens under state-law claims, should be considered an agency or officer of the United States. Nor does the federal government's potential entitlement to share in any recovery permit a federal court to exercise jurisdiction over the state's common law tort claims. *See Becote v. South Carolina State Highway Dep't.,* 308 F.Supp. 1266, 1268 (D.S.C.1970). The criminal cases relied on by the defendants,[5] as well as the other opinions they cite, are simply inapplicable to the facts of this case.[6]

---

**3.** *Harlow v. Chin,* 405 Mass. 697, 545 N.E.2d 602 (1989), relied on by the defendants, involved the interpretation of a provision of state law in the context of a medical malpractice action brought in state court; its relevance to the issue of federal question jurisdiction in this case is doubtful.

**4.** *New York v. Rapgal Assocs.,* 703 F.Supp. 284 (S.D.N.Y.1989) (finding federal question jurisdiction in a suit involving compliance with federal regulations in a HUD-funded program) is distinguishable on several grounds. Principally, it is not a removal case, and no significant federalism concerns of the kind involved in the present case were presented. The plaintiff City brought suit in federal court, and the defendants did not raise the issue of subject matter jurisdiction until after a verdict against them.

**5.** *See United States v. Baker,* 626 F.2d 512 (5th Cir.1980); *United States v. Wolf,* 645 F.2d 23 (10th Cir.1981).

**6.** As the State notes, federal district courts in Louisiana, Mississippi and Massachusetts already have rejected the tobacco companies' attempt to rely on the Medicaid Act and 28 U.S.C. § 1345 as grounds for removal of suits brought by those states in their state courts. *See Ieyoub v. The American Tobacco Company,* No. 96–0908, 1996 WL 544210 (W.D.La. July 17, 1996) (Pl.'s Reply, Ex. A); *Massachusetts v. Philip Morris, Inc.,* No. 96–10014–GAO, 1996 WL 544205 (D.Mass. May 20, 1996) (Pl.'s Mot., Ex. 2); *Moore ex rel Miss. v. American Tobacco Co.,* No. 94–293GR (D.Miss. 1994) (Pl.'s Mot., Ex. 1). Those cases apparently did not involve state anti-trust claims.

Accordingly, for the reasons set forth above, this case will be remanded to the Circuit Court for Baltimore City by separate Order.