**Lucille CUTTS, Individually and as Administratrix of the Estate of James Eldon Cutts, Deceased, Patricia Lynn Green, Perry W. Cutts and Dannie E. Cutts, Plaintiffs,**

v.

**BRAUN CORPORATION and J's Mobility Unlimited, Inc., Formerly Known as Mobility Unlimited, Inc., Defendants.**

No. 3:97CV86–B–A.

United States District Court,
N.D. Mississippi,
Western Division.

July 21, 1997.

---

William Bobby Gill, III, John Arthur Eaves Law Office, Jackson, MS, for Lucille Cutts, Patricia Lynn Green, Perry W. Cutts and Dannie E. Cutts.

James P. Streetman, III, Clark, Scott & Streetman, Jackson, MS, for Braun Corporation.

J. Hal Ross, Brandon, MS, for J.'s Mobility Unlimited, Inc.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the plaintiffs' timely motion for remand. Defendant Braun Corporation [Braun] removed this cause on the ground of federal question jurisdiction "pursuant to 28 U.S.C. § 1331 with regard to the allegations of violations of provisions of 42 U.S.C. §§ 2651–53." [1] The notice of removal further alleges supplemental jurisdiction over the plaintiffs' remaining claims under 28 U.S.C. § 1367(a). The complaint alleges a wrongful death cause of action based on claims of products liability and negligence and requests actual and punitive damages. The complaint further asserts a claim for the reasonable value of the decedent's medical and hospital care furnished by the United States under 42 U.S.C. §§ 2651–53 "for the sole use and benefit of the United States of America ... with its expressed consent." [2] The plaintiffs move to remand on the grounds that the complaint does not allege any violation of 42 U.S.C. §§ 2651–53 and those statutory provisions do not create federal question jurisdiction. Neither defendant [3] has responded to the motion.

■ The complaint does not allege a violation of the Medical Care Recovery Act, 42 U.S.C. §§ 2651–53. Section 2651(a) (Cum. Supp.1997) provides in part:

In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment ... to a person who is injured or suffers a disease ... under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for ....

Section 2651(d) authorizes the United States to intervene or join in any action brought by or on behalf of the injured or diseased person against the third person or to institute an action in state or federal court, "either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian...." The notice of removal alleges that Braun has received a "Notice of Claim" from the Department of Veterans Affairs. Accordingly, the plaintiffs seek, *inter alia,* the reasonable value of the treatment rendered at the Veterans' Affairs Medical Center for the sole use and benefit of the United States.

In an action in which the plaintiff sought to recover damages in his own name and for the sole use and benefit of the United States with its authorization, the court held:

Although the statute authorizes the United States to enforce [its right under subsection (a) ] in a federal forum, it does not create federal jurisdiction to entertain privately instituted tort actions merely because the United States has or may have a pecuniary interest therein.

*Becote v. South Carolina State Highway Dep't,* 308 F.Supp. 1266, 1268 (D.S.C.1970) (dismissing action brought in federal court for lack of federal question jurisdiction). *See Thomas v. Shelton,* 740 F.2d 478, 482 (7th Cir.1984) (government's subrogation interest in injured party's tort claim under the Medi-

---

**1.** *See* Notice of Removal at 3.

**2.** *See* Complaint, Para. 13.

**3.** Defendant Mobility Unlimited, Inc. has not joined in the notice of removal.

cal Care Recovery Act does not make that tort claim "arise under federal law") [4]; *Smith v. St. Luke's Hospital*, 480 F.Supp. 58 (D.S.D.1979) (action improperly removed by the United States as an intervenor-plaintiff seeking to enforce its right to recover under 42 U.S.C. § 2651). Absent an alleged violation of a federal right, the court finds that the instant cause lacks federal question jurisdiction and should be remanded to state court.

 The plaintiffs further move for an award of costs and expenses, including attorney fees, incurred as a result of the removal of this cause. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal"). The decision whether to award costs and expenses is discretionary. *Teer v. Upjohn Co.*, 741 F.Supp. 1242, 1244 (M.D.La.1990) ("when removal was obviously legally defective, an award of costs is within the court's discretion"). The court is not required to find that the removing party acted in bad faith or in a "vexatious, wanton, or oppressive" manner. *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F.Supp. 1146, 1147 (S.D.Tex.1990).

In its discretion, the court finds that an award of costs and expenses to the plaintiffs is warranted. *See* C. Wright, A. Miller, & E. Cooper, 14A *Federal Practice and Procedure* § 3739 (2d ed.1985) (courts "will be [more] inclined to [award costs and expenses] when the nonremovability of the action is obvious"). The jurisdictional allegation in the notice of removal is based on an inaccurate characterization of the complaint and is contrary to court' decisions construing 42 U.S.C. § 2651. Therefore, the plaintiffs are entitled to his reasonable costs and expenses, including attorney's fees, incurred in seeking remand. The court encourages the parties to resolve this matter without court intervention; if an amicable resolution cannot be reached, the plaintiffs should submit an itemized accounting.

---

4. The court in *Thomas* further held that § 2651 does not create a federal lien for purposes of removal under 28 U.S.C. § 1444 (allowing the United States to remove an action brought under § 2410 involving property in which it has or claims a lien). 740 F.2d at 482.