## WILSON v. REPUBLIC IRON & STEEL COMPANY ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ALABAMA.

No. 21. Argued October 6, 7, 1921.—Decided November 7, 1921.

1. Whether a District Court into which a case has been removed from a state court may retain the case and proceed to its adjudication, or must remand it to the court whence it came, is a jurisdictional question a decision of which sustaining the jurisdiction may be reviewed here by direct writ of error, under Jud. Code, § 238, after final judgment. P. 95.

2. A judgment of the District Court dismissing an action after removal, for failure of the plaintiff to pay the costs in an earlier one brought in that court upon the same cause of action, wherein he had taken a voluntary nonsuit, is a final judgment, for purposes of review, even though not a bar to another action. P. 96.

3. But upon a direct review under Jud. Code, § 238, involving the District Court's jurisdiction to retain the case after removal, the propriety of its action in dismissing it for failure to pay such costs cannot be considered. P. 96.

4. The fact that a joinder of a resident defendant, fair on its face, is a fraudulent device to prevent removal, may be shown by a verified petition alleging the facts as distinct from conclusions; and the statements so made must be accepted by the state court as true. P. 97.

5. After removal, the plaintiff, by motion to remand, plea or answer, may traverse the allegations of the petition, and then the issues so arising must be heard and determined by the District Court, and the petitioning defendant must carry the burden of proof, but, if the plaintiff fail to take issue with them he must be deemed to assent to the truth of what is stated in the petition and the petitioning defendant need not produce any proof to sustain it. P. 97.

6. Where a petition to remove an action for personal injuries brought by an employee against an employer and a coemployee, aptly and clearly showed that the coemployee was joined without any purpose to prosecute the action in good faith against him and with the purpose of fraudulently defeating the employer's right of re-

moval, *held,* that a motion to remand for want of jurisdiction merely specifying as grounds that the plaintiff and the coemployee were citizens of the same State and that the object of the removal was to delay the trial, did not put in issue the facts averred in the petition, and that the question whether an employer and a coemployee might be jointly liable, under the state law, for the same injury, although the liability of the one was statutory and of the other at common law, was irrelevant. P. 98.

7. The fact that a removal was made for delay does not affect the jurisdiction of the District Court to retain the case. P. 99.

Affirmed.

DIRECT writ of error to determine the jurisdiction of the District Court to retain a case removed from a state court.

*Mr. W. A. Denson* for plaintiff in error.

*Mr. Augustus Benners,* for defendants in error, submitted.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action by an employee against his employer and a coemployee to recover for injuries sustained by the plaintiff by reason, as was alleged, of his conforming to an order or direction negligently given to him by the coemployee and to which he was bound to conform. The injuries were sustained in Alabama and the action was brought in a court of that State. The employer's liability was based on an Alabama statute, Ala. Code, 1907, § 3910, cl. 3, and that of the coemployee on the common law. The complaint was in a single count and treated the defendants as jointly liable.

In due time the employer presented to the state court a petition and bond for the removal of the cause to the District Court of the United States, and the removal was ordered and completed. The petition was properly veri-

fied and as grounds for the removal stated in substance, that the amount in controversy exceeded three thousand dollars, exclusive of interest and costs; that the plaintiff and the employer were citizens of different States, the former of Alabama and the latter of New Jersey; that the controversy between them was separable and properly could be fully determined without the presence of any other party; that the coemployee was a citizen of Alabama and was wrongfully and fraudulently joined as a defendant with the sole purpose of preventing a removal of the cause to the District Court; that it was not the purpose of the plaintiff to prosecute the action in good faith against the coemployee and the joinder of the latter was merely a sham or device to prevent an exercise of the employer's right of removal; that the plaintiff had brought an earlier action in the District Court against the employer alone to recover for the same injuries and on the trial had taken a voluntary nonsuit because it appeared that he probably could not recover in that court on the evidence presented; that soon thereafter the present action, with the coemployee joined as a defendant, was begun in the state court; that the plaintiff personally and intimately knew every person who could by any possible chance have caused his injuries and knew the coemployee was not in any degree whatsoever responsible therefor; and that, as the plaintiff well knew all along, the coemployee was not guilty of any joint negligence with the employer, was not present when the plaintiff's injuries were received, and did no act or deed which caused or contributed to such injuries.

Shortly after the removal the plaintiff filed in the District Court a motion to remand the cause to the state court. This motion challenged the jurisdiction of the District Court on the grounds that one of the defendants, the coemployee, was a citizen of the same State as the plain-

tiff and that the removal was taken for the purpose of delaying the trial of the cause; but the plaintiff did not by the motion or in any wise traverse or take issue with any of the allegations of the petition for removal.  The motion was heard on the record as it then stood with an admission that the citizenship of the parties and the amount in controversy were as stated in the petition for removal, neither party producing any affidavits or other evidence.  As a result of the hearing the motion was denied because, as the order recites, the court was of opinion that " the grounds of said motion are not well taken."  The plaintiff excepted.  Then, on the motion of the employer, the court made an order requiring the plaintiff, within a fixed time, to pay the costs in the earlier action wherein he had taken a voluntary nonsuit,—in default of which the present action was to be dismissed.  The plaintiff excepted to this order and also failed to comply with it.  After the time for compliance had passed the court, conforming to the prior order, entered a judgment of dismissal.

To obtain a review of the ruling on the jurisdictional question presented by the motion to remand the plaintiff sought and obtained this direct writ of error; and in that connection the District Court certified that the jurisdictional question presented to and decided by it was whether in the circumstances already stated it had jurisdiction to retain the cause and proceed to a determination thereof in regular course, or was required to remand the same to the state court.

Our power, on this direct writ, to review the ruling on the question indicated, although challenged, is altogether plain.

Section 238 of the Judicial Code provides for a review by us, on a direct appeal or writ of error, of the decision of a District Court " in any case in which the jurisdiction of the court is in issue," and then adds, " in which case the

question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision."

Whether a District Court into which a case has been removed from a state court may retain the same and proceed to its adjudication or must remand it to the court whence it came is a jurisdictional question the decision of which, where the jurisdiction is sustained,[1] may be reviewed under that section. *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S. 92, 96; *McAllister* v. *Chesapeake & Ohio Ry. Co.,* 243 U. S. 302, 305.

Of course, the review can be had only after a final judgment. *McLish* v. *Roff,* 141 U. S. 661. But a judgment of dismissal, such as is shown here, is a final judgment. That it leaves the merits undetermined and may not be a bar to another action does not make it interlocutory. It effectually terminates the particular case, prevents the plaintiff from further prosecuting the same and relieves the defendant from putting in a defense. This gives it the requisite finality for the purposes of a review. *Wecker* v. *National Enameling & Stamping Co.,* 204 U. S. 176, 181–182; *Detroit & Mackinac Ry. Co.* v. *Michigan Railroad Commission,* 240 U. S. 564, 570; *McAllister* v. *Chesapeake & Ohio Ry. Co., supra; Colorado Eastern Ry. Co.* v. *Union Pacific Ry. Co.,* 94 Fed. 312.

The jurisdictional question is all that is before us. The propriety of the ruling respecting the costs of the prior action is challenged in the assignments of error but cannot be considered. The plaintiff was at liberty to take the whole case to the Circuit Court of Appeals or to bring it here on the question of jurisdiction alone. He took the latter course and by doing so waived all right to a review of the ruling on the other matter. *McLish* v. *Roff, supra;*

---

[1] If the cause be remanded the order is not open to review. Jud. Code, § 28; *Missouri Pacific Ry. Co.* v. *Fitzgerald,* 160 U. S. 556, 580–583; *German National Bank* v. *Speckert,* 181 U. S. 405.

*United States* v. *Jahn,* 155 U. S. 109; *Robinson* v. *Caldwell,* 165 U. S. 359; *Hennessy* v. *Richardson Drug Co.,* 189 U. S. 25, 33.

A civil case, at law or in equity, presenting a controversy between citizens of different States and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by the defendant, if not a resident of the State in which the case is brought, § 28 Jud. Code; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Wecker* v. *National Enameling & Stamping Co.,* 204 U. S. 176, 185–186. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions. *Chesapeake & Ohio Ry. Co.* v. *Cockrell,* 232 U. S. 146, 152. The petition must be verified, § 29 Jud. Code, and its statements must be taken by the state court as true. *Illinois Central R. R. Co.* v. *Sheegog,* 215 U. S. 308, 316. If a removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court, *Stone* v. *South Carolina,* 117 U. S. 430, 432; *Chicago, Rock Island & Pacific Ry. Co.* v. *Dowell,* 229 U. S. 102, 113; *Chesapeake & Ohio Ry. Co.* v. *Cockrell, supra,* pp. 152, 154, and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding. *Carson* v. *Dunham,* 121 U. S. 421, 425–426. But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth and the petitioning defendant

need not produce any proof to sustain it. *Kentucky* v. *Powers,* 201 U. S. 1, 33–34, 35.[1]

Here but for the joinder of the coemployee the case plainly was one which the employer was entitled to have removed into the District Court on the ground of diverse citizenship; and, if the showing in the petition for removal be taken as true, it is apparent that the coemployee was joined as a defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal. This is the rational conclusion from the facts appropriately stated, apart from the pleader's deductions. The petition was properly verified and the plaintiff, although free to take issue with its statements, did not do so. He therefore was to be taken as assenting to their truth, relieving the employer from adducing evidence to sustain them, and merely challenging their sufficiency in point of law. We hold they were sufficient, in that they disclosed that the joinder was a sham and fraudulent and hence was not a legal obstacle to the removal or to the retention of the cause by the District Court.

The briefs disclose that the parties differ as to whether the local law gives any color for treating the employer and the coemployee as jointly liable,—the asserted liability of one resting on a statute and that of the other on the common law. But we do not find it necessary to solve this question. As the joinder was a sham and fraudulent—that is, without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the coemployee—the result must be the same whether the

---

[1] And see *Dow* v. *Bradstreet Co.,* 46 Fed. 824, 828; *Durkee* v. *Illinois Central R. R. Co.,* 81 Fed. 1; *Dishon* v. *Cincinnati, New Orleans & Texas Pacific Ry. Co.,* 133 Fed. 471, 474–476; *Donovan* v. *Wells, Fargo & Co.,* 169 Fed. 363, 368–369; *Hunter* v. *Illinois Central R. R. Co.,* 188 Fed. 645, 648; *Jones* v. *Casey-Hedges Co.,* 213 Fed. 43, 46–47.

local law makes for or against a joint liability.  See *Wecker* v. *National Enameling & Stamping Co., supra,* p. 183; *Chicago, Rock Island & Pacific Ry. Co.* v. *Schwyhart,* 227 U. S. 184, 194.

In his motion to remand the plaintiff asserted that the removal was obtained for purposes of delay.  But this had no jurisdictional bearing, no attempt was made to prove it and it is not relied on here.

We think the District Court rightfully sustained its jurisdiction under the removal.

*Judgment affirmed.*