Lawson & Hale, of Liberty, Mo., for plaintiff.

C. A. Randolph, of Kansas City, Mo., for defendant.

**ROSEWARREN v. CONSUMERS CO-OP. ASS'N et al.**

**No. 1697.**

District Court, W. D. Missouri, W. D.

June 6, 1944.

REEVES, District Judge.

The non-resident corporate defendant has made a twofold charge in its petition for removal that there is a separable controversy and that there is a fraudulent joinder. However, while the petition for removal characterizes the right of removal as resting wholly upon a separable controversy, yet the averments of the complaint show that alleged fraudulent joinder was in part the basis of the removal. These will be noticed.

The action is for malicious prosecution. It is asserted that the defendants, including the resident defendant, maliciously caused a prosecution in a state court to be instituted against the plaintiff. Affidavits and other exhibits submitted by the removing defendant show that the resident defendant was an employee of the removing defendant and that, in that capacity, he had gathered facts concerning the plaintiff which resulted in the prosecution about which the plaintiff complains.

It is admitted that the information upon which the prosecution was predicated was gathered by the resident defendant. He was present at a preliminary hearing and gave testimony. In the first instance he accompanied an officer of the removing defendant to the office of the prosecuting attorney of Ray County, and there furnished information to the prosecuting attorney upon which the prosecution was commenced.

**1.** An inspection of the complaint reveals a charge of malicious prosecution jointly against both of the defendants. Although the local defendant was not named in the body of the complaint, yet nevertheless the averments included both the non-resident and resident defendant. Under the new rules, these general averments were entirely sufficient. Clearly, on the face of the complaint, a joint cause of action is stated and a separable controversy could not be deduced therefrom.

**2.** On the issue of fraudulent joinder the affidavits and other matter submitted by able counsel merely reveals a defense and does not show that the local defendant was joined fraudulently and for the sole purpose of conferring jurisdiction on the federal court. The evidence fails to show a clear case of fraudulent joinder. On the contrary, the evidence discloses that the local defendant did have an active part in the prosecution of the plaintiff.

In the case of Wilson v. Republic Iron & Steel Co., 257 U.S. 92, loc.cit. 97, 42 S.Ct. 35, loc. cit. 37, 66 L.Ed. 144, relied on by the removing defendant, the court employed language oft quoted in the books:

"If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; *but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions.*"

In the case of Leonard v. St. Joseph Lead Co., 75 F.2d 390, loc. cit. 394, the Court of Appeals, this Circuit, aptly declared the law when it said:

"Such joinder is also fraudulent if the facts alleged in plaintiff's pleading with reference to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis exists for an honest belief on the part of the plaintiff that there is a joint liability. * * * if

there is doubt whether the allegations with respect to the resident defendants are false, *as when that question depends upon the credibility of witnesses and the weight of evidence, the joinder is not to be held fraudulent.*"

In this case, not only does the complaint state a joint cause of action against both the defendants, but the facts as alleged and as proved in the removal petition show that the resident defendant acted or participated in the prosecution of the plaintiff. The very fact that both of the defendants indicated by the evidence submitted that they have a good defense does not preclude the right of joinder nor does it indicate bad faith.

The motion to remand should be sustained and it will be so ordered.