Shirley CROOKE, Plaintiff,

v.

**R.J. REYNOLDS TOBACCO COMPANY, Brown & Williamson Tobacco Corporation, Blackmon Amoco, Inc., Circle K Stores, Inc. and Racetrac Petroleum Inc., Defendants.**

Civil Action No. 1:97–cv–2441–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 6, 1997.

L. Chandler Vreeland, Office of L. Chandler Vreeland, Marietta, GA, A. Gregg Loomis, Office of A. Gregg Loomis, Atlanta, GA, for Shirley Crooke.

James Royce Johnson, Diane G. Pulley, Kim Purcell Pike, Jones Day Reavis & Pogue, Atlanta, GA, for R.J. Reynolds Tobacco Co.

William E. Hoffman, Jr., W. Randall Bassett, King & Spalding, Atlanta, GA, for Brown & Williamson Tobacco Corp.

Carey P. DeDeyn, John Howard Fleming, Rebecca Louise Burnaugh, Sutherland Asbill & Brennan, Atlanta, GA, for Blackmon Amoco, Inc., Circle K Stores, Inc., Racetrac Petroleum, Inc.

## ORDER

THRASH, District Judge.

This is a products liability action. It was filed by Plaintiff in the State Court of Fulton County on July 25, 1997. The Defendants R.J. Reynolds Tobacco Company and Brown & Williamson Tobacco Corporation removed it to this Court on August 22, 1997. It is presently before the Court on the Plaintiff's Motion to Remand [Doc. No. 5] and the Motion to Dismiss [Doc. No. 6] of Defendants Blackmon Amoco, Inc., Circle K Stores, Inc. and Racetrac Petroleum, Inc.

## FACTS

Plaintiff filed this action against Defendants R.J. Reynolds Tobacco Company and Brown & Williamson Corporation (hereinafter referred to as the "manufacturing Defendants")who manufacture cigarettes, and Circle K Stores, Inc., Blackmon Amoco, Inc. and Racetrac Petroleum (hereinafter referred to as the "retail Defendants") who sell cigarettes in their retail stores. In her Complaint, Plaintiff alleges that she began smoking in 1943 when she was 14 years old. She says that she became addicted to cigarettes shortly after she started smoking. She says that she has smoked Camel, Virginia Slims and Carlton cigarettes for many years. Camel cigarettes are manufactured by Defendant R.J. Reynolds Tobacco Company. Carlton and Virginia Slims cigarettes are manufactured by Defendant Brown & Williamson Tobacco Corporation. All three brands are sold by the retail Defendants. The Plaintiff claims that she purchased her cigarettes from the retail Defendants. As a result of her smoking, Plaintiff claims that she has had serious heart trouble, emphysema, bronchitis, high blood pressure and other illnesses.

Plaintiff claims that the manufacturing Defendants manufactured, promoted, distributed, and sold cigarettes to millions of consumers, including Plaintiff, while denying and

fraudulently concealing that their tobacco products contained the highly addictive drug known as nicotine. Plaintiff also claims that the manufacturing Defendants and the retail Defendants had a duty to warn Plaintiff of the addictive nature of cigarettes, and she claims that they failed to warn her of the risks associated with cigarette smoking. Plaintiff contends that the Defendants are liable to her pursuant to Georgia strict liability law for the manufacture of dangerous and defective products. She also claims that the manufacturing Defendants are guilty of fraud and misrepresentation in their deceptive and misleading advertising of cigarettes. She seeks at least $8 million in compensatory damages and $30 million in punitive damages.

Affidavits have been filed on behalf of the retail Defendants stating that: (1) they sell cigarettes in unopened packages; (2) they do not manufacture, package or label cigarettes; (3) they have no control over the advertising of cigarettes by the manufacturing Defendants; (4) they have never made any representations or communications regarding the risks associated with cigarette smoking; (5) they have not participated in any research concerning the health risks of cigarettes; and (6) they have never participated in any concealment of the health risks of cigarette smoking. No affidavits or depositions to the contrary have been submitted by Plaintiff.

Plaintiff is a Georgia resident. Defendant Brown & Williamson Tobacco Corporation is a Delaware corporation with its principal place of business in Kentucky. Defendant R.J. Reynolds Tobacco Company is a New Jersey corporation with its principal place of business in North Carolina. Blackmon Amoco is a Georgia corporation. Racetrac Petroleum is a Georgia Corporation. Circle K Stores, Inc. is a Texas corporation with its principal place of business in Arizona.

## DISCUSSION

### I. MOTION TO REMAND

The manufacturing Defendants contend in their Notice of Removal that the Plaintiff cannot recover against the retail Defendants and that the retail Defendants were added as defendants solely to defeat diversity jurisdiction. They claim that joinder of the retail Defendants was fraudulent and cannot be used to defeat this Court's diversity jurisdiction. Plaintiff claims that she has valid state law claims against the retail Defendants and that removal was improper.

### A. FRAUDULENT JOINDER

■ A defendant has the right to remove a case if diversity exists, the action could have originally been brought in the district court, and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b). A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant who has no real connection with the case. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

■ It is well established in the Eleventh Circuit that the removing party has the burden of proving that the plaintiff has engaged in fraudulent joinder. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983). Fraudulent joinder may be shown if it is proven: (1) there has been outright fraud in the plaintiff's pleading of jurisdictional facts; or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court. *Id.; Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989).

■ There is no claim here that the Plaintiff has engaged in fraud in pleading the jurisdictional facts set forth in her Complaint. Therefore, the issue to be addressed is whether there is a possibility that the Plaintiff would be able to prevail against the retail Defendants in her state court action. Affidavits and depositions may be considered in making this determination. *Coker*, 709 F.2d at 1440. All factual and substantive law issues must be evaluated in the light most favorable to the plaintiff. *Id.; Cabalceta*, 883 F.2d at 1561.

## B. *PLAINTIFF'S CLAIMS AGAINST THE RETAIL DEFENDANTS*

■ Giving the Plaintiff the benefit of every doubt, the Court must conclude that there is no possibility that she could recover against the retail Defendants. The advertising and labeling of cigarette packages is governed by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. § 1331 *et seq.* Any claim regarding the failure of the retail Defendants to warn Plaintiff of the dangers of smoking cigarettes is preempted by the Act. *Cipollone v. Liggett Group,* 505 U.S. 504, 524, 112 S.Ct. 2608, 2621, 120 L.Ed.2d 407 (1992); *see also Allgood v. R.J. Reynolds Tobacco Co.,* 80 F.3d 168, 171 (5th Cir.) *cert. denied,* —— U.S. ——, 117 S.Ct. 300, 136 L.Ed.2d 218 (1996).

■ In addition to the theory of failure to warn, Plaintiff seeks to recover under strict liability. The Georgia strict liability statute imposes liability upon the manufacturer of defective products. O.C.G.A. § 51–1–11(b)(1). The statute was specifically amended in 1987 to provide that "a product seller is not a manufacturer . . . and is not liable as such." O.C.G.A. § 51–1–11.1(b). Even before the 1987 amendment, it was clear that Georgia law applied strict liability to manufacturers only and not to retailers of consumer products. *Ellis v. Rich's, Inc.,* 233 Ga. 573, 577, 212 S.E.2d 373 (1975). The Georgia courts have also held that product distributors are not liable for negligence in the manufacture of consumer goods. *Ream Tool Co. v. Newton,* 209 Ga.App. 226, 227, 433 S.E.2d 67 (1993). Thus, there is no possibility that Plaintiff could prevail against the retail defendants in an action in state court. The citizenship of the resident Defendants should, therefore, be disregarded and the Motion to Remand should be denied.

## II. *THE RETAIL DEFENDANTS' MOTION TO DISMISS*

For the reasons set forth above, the Motion to Dismiss of Defendants Blackmon Amoco, Inc., Circle K Stores, Inc. and Racetrac Petroleum should be granted for Plaintiff's failure to state a claim as to the retail Defendants.

### *SUMMARY*

In summary, the Plaintiff's Motion to Remand [Doc. No. 5] is DENIED. The Motion to Dismiss [Doc. No. 6] of Blackmon Amoco, Inc., Circle K Stores, Inc., and Racetrac Petroleum is GRANTED.