**Timothy RICE–BEY, Plaintiff,**

**v.**

**KOPPERS INDUSTRIES,
INC., Defendant.**

**No. 01–CV–0764–DRH.**

United States District Court,
S.D. Illinois.

Jan. 14, 2002.

Michael J. Brunton, Collinsville, IL, for Plaintiff.

John F. Kuenstler, Beau C. Sefton, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendant, Koppers Industries, Inc.

### *MEMORANDUM AND ORDER*

HERNDON, District Judge.

### I. *Introduction and Background*

This matter comes before the Court on Rice–Bey's motion to remand (Doc. 8). Defendant opposes the motion. Because the Court concludes that subject matter jurisdiction exists, the Court denies the motion to remand.

On January 11, 2001, Timothy Rice–Bey filed suit against his former employer, Koppers Industries, in the Circuit Court of

St. Clair County, Illinois alleging a state law claim for retaliatory discharge.[1] The complaint alleges that in September 1999, Rice–Bey was injured in an employment-related accident. Thereafter, Rice–Bey filed a workers' compensation claim against Koppers and received benefits on that claim. In mid-October 1999, Koppers fired Rice–Bey. On June 5, 2001, Koppers timely removed the action to this judicial district, alleging subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The case was assigned to the Honorable Michael J. Regan; *Rice–Bey v. Koppers Industries*, 01–CV–0364–MJR. On June 21, 2001, Judge Reagan granted Rice–Bey's motion to remand and remanded the case to state court based on lack of subject matter jurisdiction.[2]

On November 20, 2001, Koppers removed the case for a second time pursuant to 28 U.S.C. § § 1332 and 1446(b) (Doc. 1). Specifically, Koppers maintains that it first ascertained that the amount in controversy exceeded $75,000 after Rice–Bey answered a request to admit on October 23, 2001. Subsequently on December 19, 2001, Rice–Bey filed a motion to remand (Doc. 8). Rice–Bey maintains that the Notice of Removal should fail and that the case be remanded because Koppers failed to meet the minimal burden of proof required for the amount in controversy at the time of the original notice of removal to establish subject matter jurisdiction.[3] Koppers contends that the Notice of Removal is proper and that it is entitled to a second removal of the case. The Court finds that Rice–Bey's argument misses the mark and that Rice–Bey is game-playing. *See Benson v.*

*SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir.1999).

## II. *Analysis*

■ Two tests must be satisfied for federal diversity jurisdiction to exist. First, complete diversity is required among the parties on opposite sides of the lawsuit. *See e.g. Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Second, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest or costs." 28 U.S.C. § 1332. The Seventh Circuit has held that a defendant seeking to remove a case to federal court bears the burden of establishing that the amount in controversy suffices to confer jurisdiction in that Court. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)).

The Court is satisfied the diversity requirement is met. Rice–Bey is an Illinois citizen and Koppers is a Pennsylvania citizen. The only question is whether Koppers has met its burden with respect to the amount in controversy.

■ Koppers removed the case for the second time pursuant to 28 U.S.C. § 1446(b). Section 1446(b) states (emph. added):

> If the case stated by the initial pleadings is not removable, a notice of removal must be filed within thirty days after

---

1. Rice–Bey's complaint simply sought damages over $50,000 "plus costs."

2. Judge Reagan found that the parties are diverse, but that Koppers did not meet its burden of establishing that the amount in controversy suffices to confer diversity jurisdiction.

3. The Court finds it interesting and significant that in *this* motion to remand Rice–Bey is not arguing that this Court lacks subject matter jurisdiction, while in the *original* motion to remand Rice–Bey portrayed that the amount in controversy did not exceed $75,000 by arguing that Koppers did not prove the jurisdictional amount.

receipt by the defendant, through service or otherwise a copy of an amended pleading, motion or **other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than 1 year after commencement of the action.

Koppers argues that it first ascertained that this Court had jurisdiction on October 23, 2001 when it received Rice–Bey's answers to a request to admit in which it conceded that the amount in controversy exceeded $75,000. Pursuant to Rice–Bey's answer to the request to admit, Koppers removed the case to this Court on November 20, 2001.

█ The Court finds that Koppers has sustained its burden of establishing that the amount in controversy has been met. Rice–Bey's answer to the request to admit (an "other paper" under § 1446) clearly establishes that Rice–Bey is seeking damages greater than $75,000. This Court has subject matter jurisdiction. In addition, the Court admonishes Rice–Bey that it will not tolerate further "game-playing" or "slight of hand" tactics.

### III. *Conclusion*

Accordingly, the Court **DENIES** Rice–Bey's motion to remand (Doc. 8). Further, the Court **ORDERS** Rice–Bey to reimburse Koppers for the attorney's fees it incurred in preparing and filing its response to the motion to remand. The Court **ALLOWS** Rice–Bey up to and including February 28, 2002 to pay the attorney's fees. If the attorney's fees are not

paid by that date, Koppers may file a motion seeking relief.

**IT IS SO ORDERED.**