**Vinod BHANDARI, M.D., Plaintiff,**

v.

**UNISON BEHAVIORAL HEALTH GROUP, INC., et al., Defendants.**

No. 3:04CV7410.

United States District Court, N.D. Ohio, Western Division.

Oct. 6, 2004.

R. Kevin Greenfield, Arnold & Caruso, Toledo, OH, for Vinod Bhandari, M.D., Plaintiff.

Jennifer J. Dawson, Ruth A. Meacham, Marshall & Melhorn, Toledo, OH, Timothy R. Obringer, Todd M. Raskin, Mazanec, Raskin & Ryder, Cleveland, OH, for Unison Behavioral Health Group, Inc., Larry

Hamme, Individually, Courtney Weiss, Individually, Maria Kostrzewski, Individually, Defendants.

## ORDER

CARR, District Judge.

This is an employment discrimination case in which plaintiff primarily claims that defendants: 1) breached an employment contract; 2) engaged in race discrimination against plaintiff; 3) engaged in national origin discrimination against plaintiff; and 4) defamed the plaintiff. The complaint was filed in the Lucas County, Ohio, Court of Common Pleas. Defendant timely removed the case to this court. Pending is plaintiff's motion for remand. For the following reasons, plaintiff's motion shall be denied.

## BACKGROUND

Plaintiff is a United States citizen who is a native of India. He is a licensed psychiatrist in the State of Ohio. According to plaintiff, on July 31, 2002, he entered into a written employment contract with Unison Behavioral Health Group, Inc. (Unison), a non-profit mental health care facility. Pursuant to the contract, plaintiff was promoted to the positions of Medical Director and Chief Clinical Officer.

Plaintiff alleges that, on October 6, 2003, in breach of his employment contract with Unison, he was demoted involuntarily. Among other claims, plaintiff specifically pled that he lost benefits due to him under his employment contract.

In his motion to remand, plaintiff contends that his case is not properly removable to this court because, based on his well pled complaint, he did not state a federal cause of action. Plaintiff claims that the only claims for which he sought redress in the state court were state law claims and, therefore, because the parties are not diverse, jurisdiction is not proper in this court. Defendant asserts that removal is proper because plaintiff's claims, which assert entitlement to employee benefits, are preempted by the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1001 *et seq.*

## REMOVAL

The removal statute, 28 U.S.C. § 1441, provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." District courts have original federal jurisdiction over any case that arises under federal law. 28 U.S.C. § 1331. Generally, a case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Furthermore, it is the general rule that a case does not arise under federal law if the federal issue appears only as a defense. *Id.; see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

There is an exception to the well pled complaint rule: the "complete preemption" doctrine. *Caterpillar,* 482 U.S. at 392–93, 107 S.Ct. 2425. This doctrine holds that, "on occasion, ... the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (citing *Metropolitan Life Ins. Co.,* 481 U.S. at 65, 107 S.Ct. 1542).

■ Once an area of state law has been completely preempted, any claim purportedly based on that law is considered, from its inception, to be a federal claim, and therefore one arising under federal law. *Id.* (citing *Franchise Tax Bd.*, 463 U.S. at 24, 103 S.Ct. 2841). Therefore, the "well-pleaded complaint rule is not absolute" and if the claim arises exclusively under federal law, the case may be removed regardless of how the claim was pled. *Striff v. Mason*, 849 F.2d 240, 244 (6th Cir.1988).

■ State claims are preempted and removable to federal court only when there is a "clearly manifested" intent by Congress to preempt state claims. *Metropolitan Life Ins. Co.*, 481 U.S. at 64, 107 S.Ct. 1542. The party seeking removal bears the burden of establishing its right to remove. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). Therefore, a removal petition is to be construed strictly with all doubts resolved against removal and in favor of remand. *Id.*

### ERISA PREEMPTION

■ Where is appears that a claim comes within ERISA, the claim—however pled—is removable because ERISA "completely pre-empts [a] state-law cause of action... even if pleaded in terms of state law." *Aetna Health Inc. v. Davila*, —— U.S. ——, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (citation omitted). Such claims are "in reality based on federal law." *Id.*

■ ERISA preemption is such that "*any* state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive...." *Id.* (citations omitted) (emphasis added). ERISA's preemptive power is such that ordinary state law complaints are converted into federal claims "for purposes of the well-pleaded complaint rule." *Id.*, 124 S.Ct. at 2496.

■ A civil action may be brought under ERISA by a participant "to *recover benefits* due to him under the terms of his plan, [or] to *enforce* his rights..." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). This provision of ERISA is direct. *See Aetna*, 124 S.Ct. at 2496. "If a participant... believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Id.* Furthermore, if an action could have been brought under ERISA and "no other independent legal duty [ ] is implicated by a defendant's actions," then ERISA completely preempts the claim. *Id.*

### PLAINTIFF'S COMPLAINT AND ERISA PREEMPTION

■ Plaintiff's complaint purports to allege only state causes of action in its nine counts. Count I, however, expressly seeks to recover benefits provided in the plaintiff's employment contract,[1] including health care, vacation, sick time, and professional training. ERISA specifically provides that these types of benefits are covered by the statutory scheme. 29 U.S.C. § 1002(1) (defining benefits as: "medical, surgical, or hospital care or benefits, or benefits in the event of sickness,

---

1. The contract, which is entitled "Medical Services Agreement" is attached as Exhibit A to plaintiff's complaint.

accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs...."). Further, the plain language of Count I indicates plaintiff seeks to redress an ERISA violation—the refusal of Unison to provide benefits in his employment contract—and not a duty independent of ERISA. *Aetna,* 124 S.Ct. at 2499. Allowing the plaintiff to proceed with Count I in a state-law suit, would "'pose an obstacle to the purposes and objectives of Congress.'" *Id.,* 124 S.Ct. at 2500 (citation omitted).

The Seventh Circuit has recently applied *Aetna* where an employee brought a state law breach of contract claim to recover medical and retirement benefits provided under the contract. *Vallone v. CNA Fin. Corp.,* 375 F.3d 623 (7th Cir.2004). The court held that breach of contract claims, which were essentially similar to plaintiff's claim in this case in Count I, were preempted by ERISA. *Id.* at 638. "It is appropriate to disallow a breach of common law contract claim here because plaintiff should not be allowed to bring a denial of ERISA benefits claim in the guise of a common law breach of contract" claim. *Id.* at 639. Here, as in *Vallone,* ERISA preempts plaintiff's state law cause of action.

Colliding with this wall of authority, plaintiff argues that the benefits in his contract are not covered by ERISA because they were payroll rather than insurance benefits. ERISA applies, however, to benefits that are provided "through the purchase of insurance *or otherwise.*" 29 U.S.C. § 1002(1) (emphasis added). Furthermore, defendant has submitted an affidavit by its Human Resources Director; that affidavit states that six of the benefits in the Medical Services Agreement were funded through insurance contracts. (Affidavit of Jamie Haack, ¶ 3).

■ To determine whether the Medical Services Agreement is an ERISA plan, I must determine whether a "reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits" from reading plaintiff's employee contract. *International Resources, Inc. v. New York Life Ins. Co.,* 950 F.2d 294, 297 (6th Cir. 1991) (citation omitted). This precondition to ERISA preemption is met: the Medical Services Agreement states the intended benefits, the beneficiary, and how most of the benefits are financed. Further, a reasonable person reading this contract could readily ascertain how to obtain the benefits.

Count I of plaintiff's complaint seeks to recover benefits that come within the coverage of ERISA. Thus, plaintiff's putative state-law claim in that count to recover those benefits is preempted by ERISA, and removal is proper.

Several of plaintiff's other claims arise, however, independently of ERISA. These claims come within this court's supplemental jurisdiction. 28 U.S.C. § 1367.

## CONCLUSION

In accordance with the above it is hereby

ORDERED THAT plaintiff's motion for remand to the state court be, and the same hereby is denied.

So ordered.