Bobby RAYBURN, individually; Rayburn and Associates, LLC; Fred Griffin, Individually; Fred Griffin and Associates, LLC; Larry Gillespie d/b/a Larry Gillespie Builders; Ted Stewart, Individually; Society Development, Inc.; North Panola County Community Resources, Inc., Plaintiffs

v.

MISSISSIPPI DEVELOPMENT AUTHORITY, Defendant.

Cause No. 3:11–CV–397–CWR–LRA.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 10, 2012.

Dunbar D. Watt, Wayne Dowdy, Dowdy Cockerham & Watt, Magnolia, MS, for Plaintiffs.

Leland S. Smith, III, Wilkins Tipton, PA, Jackson, MS, for Defendant.

## ORDER

CARLTON W. REEVES, District Judge.

On its own motion, the Court determines that it lacks subject matter jurisdiction. Accordingly, this action is remanded to the Circuit Court of Hinds County, Mississippi.

### I. Factual and Procedural History

On June 21, 2011, the plaintiffs filed a complaint in the Circuit Court of Hinds County, Mississippi, against the Mississippi Development Authority ("MDA"), a state agency. Docket No. 3, at 2. They alleged that MDA had arbitrarily and capriciously, without substantial evidence,

and with malice, "determined[ ] the Plaintiffs to be ineligible participants for future funding opportunities under programs administered by [MDA]." *Id.* at 3–4. That determination was alleged to have harmed the plaintiffs' future business opportunities and reputation in the housing construction and housing maintenance industries. *Id.* at 3 and 5–6.

The plaintiffs charged MDA with violating the Mississippi Tort Claims Act ("MTCA"), Miss.Code § 11–46–1 *et seq.*, and accordingly had sent MDA the presuit notice of claim required by that Act, *id.* § 11–46–11. Docket No. 3, at 2–3. More specifically, the plaintiffs claimed that MDA's decision was arbitrary and capricious and violated the MTCA because the agency had misinterpreted and misapplied its own rules and regulations, as well as federal regulations related to MDA's programs. *Id.* at 4. The complaint cited various MDA manuals and several Code of Federal Regulations ("C.F.R.") sections. *Id.* at 4–5.[1]

MDA removed the suit to this Court, asserting that federal jurisdiction was established "by reason of the federal questions presented in the Complaint." Docket No. 1, at 2. The plaintiffs did not seek to have the case remanded, and the parties proceeded to conduct discovery. A motion for summary judgment is now pending and the pretrial conference is imminent.

## II.  Standard of Review

■■■ This Court has jurisdiction to determine its own jurisdiction. *Martin v. Halliburton,* 618 F.3d 476, 481 (5th Cir. 2010). The Fifth Circuit has found it "incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S.*

*Army,* 639 F.2d 1100, 1102 (5th Cir.1981) (citations omitted); *see also GE Capital Commercial Inc. v. Worthington Nat. Bank,* No. 3:09–cv–572, 2011 WL 3156076, \*4 (N.D.Tex. July 25, 2011) ("A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.").

■■■ "The party seeking removal bears the burden of showing that federal jurisdiction is proper." *Lone Star OB/GYN Assoc. v. Aetna Health Inc.,* 579 F.3d 525, 528 (5th Cir.2009) (citation omitted); *see Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The burden has been described as "heavy." *Pendleton v. Hinds County Mississippi,* No. 3:08–cv–754, 2010 WL 1416499, \*2 (S.D.Miss. Apr. 5, 2010) (quotation marks and citations omitted). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365–66 (5th Cir.1995) (citations omitted). "The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot–Hed Inc.,* 477 F.3d 320, 323 (5th Cir.2007) (citations omitted). "Of course, lack of subject-matter jurisdiction may be raised at any time before final judgment." *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 391 (5th Cir.2009) (citation omitted).

## III.  Discussion

The question is whether MDA has established the existence of a federal question sufficient to support jurisdiction in this Court.

---

1. The complaint's references to Title 24 of the C.F.R. indicate that the regulations concern the U.S. Department of Housing and Urban Development ("HUD"). Docket No. 3, at 4–5.

"A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP,* 538 F.3d 334, 337–38 (5th Cir.2008) (quotation marks, citations, and brackets omitted). Restated, "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

The Court will assume for purposes of argument that elements (1) and (2) "are probably satisfied," but finds that MDA's assertion of jurisdiction fails (3) and (4). *Id.*

Regarding element (3), "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* (citation omitted). Here, though, neither the plaintiffs' complaint nor the defendant's notice of removal show that any issues of federal law—*i.e.,* the C.F.R. issues—are substantial. *See Boyle v. Wells Fargo Bank, N.A.,* No. 4:11–cv–4006, 2012 WL 289881, *4 (S.D.Tex. Jan. 31, 2012). Instead, this Mississippi Tort Claims Act case purportedly turns on MDA's discretion and judgment about its own rules, as well as the C.F.R. Where, as here, federal law is "only tangentially relevant to an element of a state" cause of action, the case should be remanded. *Singh,* 538 F.3d at 339.

As for element (4), the Court is indeed concerned about disturbing "the balance between federal and state judicial responsibilities." *Id.* In Mississippi, suits challenging whether a state agency's decision was arbitrary and capricious have "traditionally been the domain of state law." *Id.; see, e.g., Hill Bros. Const. & Eng'g Co. v. Mississippi Transp. Comm'n,* 909 So.2d 58, 59, 70 (Miss.2005) (arbitrary and capricious challenge to bid process of Mississippi Transportation Commission filed in Circuit Court of Hinds County, Mississippi); *Elec. Data Sys. Corp. v. Mississippi Div. of Medicaid,* 853 So.2d 1192, 1197, 1202 (Miss.2003) (arbitrary and capricious challenge to decision of Mississippi Division of Medicaid filed in Chancery Court of Hinds County, Mississippi) (collecting cases); *Manufab, Inc. v. Mississippi State Tax Comm'n,* 808 So.2d 947, 949–50 (Miss.2002) (arbitrary and capricious challenge to decision of Mississippi State Tax Commission filed in Chancery Court of Hancock County, Mississippi); *Slay v. Spell,* 882 So.2d 254, 256–57 (Miss.App. 2004) (arbitrary and capricious challenge to decision of Mississippi Department of Agriculture and Commerce filed in Circuit Court of Clarke County, which affirmed fine levied against owner of hog processing plant for violating state *and federal* regulations). On these allegations, the Court is reluctant to "upset[ ] the state-federal line drawn (or at least assumed) by Congress." *Singh,* 538 F.3d at 339 (quotation marks and citation omitted). A state court is better suited to resolve a case brought under a state statute to challenge whether a state agency's decision was arbitrary and capricious.

Also persuasive is Judge Aycock's decision in *Hood v. AstraZeneca Pharmaceuticals, LP,* which found federal question jurisdiction lacking in a dispute over Medicaid, a state-federal partnership. 744 F.Supp.2d 590, 600 (N.D.Miss.2010). As Judge Aycock reasoned,

Defendants proceed under the gestalt notion that, since Medicaid is largely a complex federal program, federal issues must somehow come into play. However, Plaintiff's claims in this case do not focus on the federal aspects of the Medicaid scheme. Rather, Defendants' liability will depend upon its breach of duties as defined and created by state law.

*Id.* at 601. Similarly, our case—which also involves a state-federal partnership, this time between MDA and HUD—does not have as its focus federal issues. Its outcome will depend on whether MDA's decision was arbitrary and capricious as those terms are defined by state law.

Finally, although it is not necessary to consider later pleadings, they confirm that this case should be remanded. An examination of MDA's brief in support of its motion for summary judgment, the plaintiffs' response brief, and MDA's rebuttal, supports that this suit was brought only under the MTCA, and indicates that the battle is joined over how the MTCA should be interpreted, not any C.F.R. sections. *See* Docket Nos. 37; 39; 40. Therefore, notwithstanding the Court's previous assumption that second *Singh* element was satisfied, it is questionable whether "the federal issue is actually disputed." *Singh,* 538 F.3d at 338; *see also Boyle,* 2012 WL 289881, at *3.

*IV. Conclusion*

■ "The Supreme Court has emphasized that merely alleging a 'federal issue' does not operate 'as a password opening federal courts to any state action embracing a point of federal law.'" *Hood,* 744 F.Supp.2d at 600 (citation omitted). MDA's invocation of federal question jurisdiction was not sufficient. This action is remanded to the Circuit Court of Hinds County, Mississippi.